IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARLO LEWIS,

    Plaintiff pro se,

v.

JACOB J. LEW,
*Secretary of the Treasury*,

    Defendant.

CIVIL ACTION FILE

NO. 1:15-CV-0630-SCJ-WEJ

**ORDER AND
NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff pro se Marlo Lewis's application to proceed in forma pauperis ("IFP") [1] and for a frivolity review. After considering plaintiff's affidavit of indigence [1], the Court **GRANTS** the application to proceed IFP.[1]  Plaintiff shall be allowed to proceed without prepayment of filing fees or docket costs. Because Ms. Lewis is proceeding IFP, the undersigned must conduct a frivolity review to determine whether this action is subject to sua sponte dismissal. See 28 U.S.C. § 1915(e)(2).

---

[1] "[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit [averring] . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

Plaintiff alleges that defendant, Jacob J. Lew, Secretary of the Treasury, failed to accommodate her disability in retaliation for engaging in protected activity in violation of the Rehabilitation Act ("RA"), 29 U.S.C. § 790, et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (See generally Compl. [1-1].)[2] For the reasons set forth below, the undersigned **REPORTS** that plaintiff may proceed with her RA claim, but **RECOMMENDS** that plaintiff's Title VII claim be **DISMISSED** as frivolous.[3]

---

[2] The Complaint alleges that the Court has jurisdiction over this case under the Americans with Disabilities Act ("ADA") and Title VII; thus, it appears Ms. Lewis intends to pursue claims under those statutes. Given plaintiff's status as a federal employee, she must pursue her disability discrimination claim under the RA. See 42 U.S.C. § 12111(5)(B) (excluding the United States as a covered employer under the ADA). Accordingly, the Court interprets the Complaint to assert an RA claim.

[3] The Complaint references the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (Compl. ¶ 24), but it does not appear that plaintiff intended to assert a claim under that statute. Indeed, the first attachment to the Complaint indicates that defendant amended plaintiff's leave status in her favor based on her FMLA request and a Federal Occupational Health program finding. (Id. Attach., at 12.) Thus, even if plaintiff intended to assert a claim based on her FMLA request, it must be dismissed as invalid because she did not suffer an adverse action as a result. See Jemison v. Mitchell, 380 F. App'x 904, 907 (11th Cir. 2010) (per curiam) (holding dismissal is proper if a more carefully drafted complaint could not state valid claim).

**I.     STANDARD FOR FRIVOLITY REVIEW**

When it enacted the statute that allows litigants to proceed IFP, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Thus, the statute authorizes federal courts to dismiss IFP complaints they determine (1) are frivolous or malicious; (2) fail to state a claim on which relief can be granted; or (3) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

A claim is frivolous under § 1915(e)(2)(B)(i) when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam). The standard for dismissal under § 1915(e)(2)(B)(ii) is the same as that for Federal Rule of Civil Procedure 12(b)(6). See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (per curiam). Thus, a complaint "is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." Jones v. Bock, 549 U.S. 199, 215 (2007). A complaint must contain "enough facts to state a claim

3

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## II. ALLEGED FACTS

Ms. Lewis is an African-American female employed with the Internal Revenue Service. (Compl. [1-1] ¶ 4). Ms. Lewis has a history of disability; likewise, the Federal Occupational Health program determined that she suffered from a disability. (Id. ¶ 8.) The Complaint alleges that, in 2009, plaintiff engaged in activity protected by the ADA (id. ¶ 16), suffered termination because of her disability, and was reinstated via a Merit Systems Protection Board ("MSPB") settlement. (Id. ¶ 20.)

On December 19, 2011, Ms. Lewis informed a manager, Juanita Dix, of her disability (respiratory issues) and asked to be moved to a clean environment as an accommodation. (Compl. ¶ 9.) The agency ignored that request and Ms. Dix directed plaintiff to return to work on April 12, 2012. (Id. ¶¶ 10-11.) Manager Valerie Johnson denied plaintiff's request on April 14, 2012. (Id. ¶ 12.)

On June 25, 2012, a manager had plaintiff's work area cleaned in an attempt to provide an alternative accommodation. (Compl. ¶ 13.) However, between December 19, 2011 and November 19, 2012, defendant failed to accommodate Ms. Lewis. (Id. ¶ 14.)

4

Under the heading "Title VII," the Complaint alleges that Ms. Lewis is in a protected class based on her prior protected activity and MSPB settlement, suffered an adverse action when defendant failed to accommodate her, and that the two events are causally related. (Compl. ¶¶ 17-20.) The Complaint also includes a "First Cause of Action," alleging that defendant discriminated against Ms. Lewis in violation of the RA by placing her in a segregated setting, providing her limited services, and denying her the same opportunities available to other qualified individuals with disabilities. (Id. ¶¶ 27-31.) The undersigned conducts a frivolity review of those claims below.

### III.   DISCUSSION

First, the undersigned **REPORTS** that plaintiff has failed to state a claim for relief under Title VII and could not do so even if given the opportunity to amend the Complaint. Title VII protects employees from discrimination on the basis of race, color, religion, sex, or national origin, and from retaliation for opposing such behavior. See 42 U.S.C. § 2000e-2, -3. Ms. Lewis's alleged activity only involved complaints regarding her disability, which is not a protected characteristic under Title VII. Accordingly, plaintiff cannot seek recourse under Title VII for defendant's alleged actions, and that claim is due to be **DISMISSED** for failure to state a claim.

5

Second, the undersigned **REPORTS** that plaintiff has stated claims for discrimination and retaliation[4] under the RA and should be allowed to proceed with those claims. In support of her discrimination claim, Ms. Lewis alleges that defendant failed to provide her with a reasonable accommodation for almost one year. The RA incorporates § 12112(b)(5)(A) of the ADA, which requires an employer to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability," as long as the accommodation does not impose an undue hardship on the entity's operation. 42 U.S.C. § 12112(b)(5)(A); Sutton v. Lader, 185 F.3d 1203, 1207 n.5 (11th Cir. 1999) (stating that the standard for determining liability under the RA is the same as under ADA). Thus, plaintiff's allegations of unreasonable delay, segregation, and unequal opportunities are sufficient to state a RA discrimination claim.

Likewise, plaintiff has stated a claim for retaliation under the RA based on her allegation that defendant delayed the accommodation because of a prior complaint

---

[4] Given Ms. Lewis's status as a pro se, the undersigned interprets the Complaint's allegations of retaliation as part of her RA claim. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.")

6

regarding her disability.  See 42 U.S.C. § 12203(a) (prohibiting discrimination against an individual because she opposed an act or practice unlawful under the ADA, or because that person made a charge or participated in an ADA investigation or proceeding).  Accordingly, plaintiff's discrimination and retaliation claims under the RA are not frivolous and she may proceed with those claims without paying court costs and filing fees.  See 28 U.S.C. § 1915(a)(1), -(e)(2)(B).

## IV.  CONCLUSION

The Court **GRANTS** plaintiff's request to proceed IFP [1].  Furthermore, the undersigned **REPORTS** that the Complaint states claims for discrimination and retaliation under the RA claim, but fails to state claims for which relief can be granted under Title VII, the ADA, and the FMLA.  Accordingly, the undersigned **RECOMMENDS** that only plaintiff's RA claim proceed and that any claims under Title VII, the ADA, and the FMLA be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

If the District Judge adopts this Non-Final Report and Recommendation, the Clerk is **DIRECTED** to resubmit this case to the undersigned for instructions regarding service of process.

7

**SO ORDERED**, this 24th day of March, 2015.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE